IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 351 |
| v. | ) | |
| | ) | Judge Robert M. Dow Jr. |
| RAFAEL PEREZ-RODRIGUEZ | ) | |

**NOTICE OF FILING**

To:   Renai S. Rodney
      Assistant United States Attorney
      219 S. Dearborn St., 5th Floor
      Chicago, Illinois 60604

   Please take notice that on this 23rd day of June, 2008, the undersigned filed the following document(s) in the above captioned cause, a copy of which is attached hereto:

–   DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND FOUR

                                        Respectfully submitted,

                                        FEDERAL DEFENDER PROGRAM
                                        Terence F. MacCarthy
                                        Executive Director


                                        By: s/Daniel J. Hesler
                                              Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe, Suite 2800
Chicago, IL 60603
(312) 621-8347

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  08 CR 351 |
| v. | ) | |
| | ) | Judge Robert M. Dow Jr. |
| RAFAEL PEREZ-RODRIGUEZ | ) | |
| | ) | |

MOTION TO DISMISS COUNTS TWO AND FOUR

The defendant, Rafael Perez-Rodriguez, by the Federal Defender Program and its attorney, DANIEL HESLER, respectfully requests that this Honorable Court dismiss Counts Two and Four of the indictment against Mr. Perez-Rodriguez on the grounds that Counts Two and Four are multiplicitous, and because Counts Two and Four prohibit the Court from exercising discretion in sentencing, in violation of 18 U.S.C. §3553.  In further support of this motion, defendant states as follows:

**Procedural Background**

Rafael Perez-Rodriguez was arrested on May 7, 2008. On May 22, 2008, he was indicted on four counts. Count One alleges the use of a passport secured by reason of a false statement in violation of 18 U.S.C. §1542. Count Two alleges the unlawful possession of the identification of another during the unlawful use of a passport described in Count One, in violation of 18 U.S.C. §1028A(a)(1). Count Three alleges the of possession with the intent use five identification documents not issued lawfully for the defendant, in violation of 18 U.S.C. §1028(a)(3) and (b)(2)(B). Count Four, like Count

1

Two, alleges the unlawful possession of the identification of another during the unlawful possession of five identification documents described in Count Three, in violation of 18 U.S.C. §1028A(a)(1).

**Discussion**

A. COUNTS TWO AND FOUR SHOULD BE DISMISSED BECAUSE §1542 AND §1028(a)(3) and (b)(2)(B) CANNOT SERVE AS A PREDICATE FELONIES FOR §1028A(a)(1)

In essence, Count Two charges Mr. Perez with possessing a false passport while committing the crime of possessing a false passport, while Count Four charges Mr. Perez with possessing a false identity while possessing false identification documents. As a common sense matter, these charges are redundant to counts One and Three. As a legal matter, Counts One and Three cannot serve as a predicate felonies for Counts Two and Four because the acts charged in each count are so inherently intertwined with one another that they are unable to constitute distinct offenses. In the indictment, the Government relies on the predicate felony of passport fraud under §1542, and identity fraud under §1028 to support the ancillary charge of aggravated identity theft under §1028A(a)(1). If §1542 and §1028 are allowed to serve as a predicate felonies to support 1028A(a)(1), Mr. Perez-Rodriguez would face multiple punishments for a single offense, violating the double jeopardy clause of the Fifth Amendment. Similarly, a charging scheme in which the same conduct is employed under multiple statutes to support mandatorily consecutive sentences violates our notions of due process. Because the

indictment contains no other predicate felony charges to support a charge under 1028A(a)(1), Counts Two and Four must be dismissed.

Precedent for this argument can be found in the Illinois state courts. Felony murder is statutorily similar to §1028A(a)(1) because both felony murder and §1028A must be supported by an independent predicate felony. Under the merger doctrine, a charge of felony murder will not stand if the predicate felony "[a]rose from and [was] inherent to the murder." *People v. Morgan*, 197 Ill. 2d 404, 447 (2001), 758 N.E.2d 813, 838 (Ill. 2001). In *Morgan*, the defendant shot and killed the victim as she ran away from him. *Id.* at 412, 758 N.E.2d at 819. The defendant was convicted first-degree murder during the commission of a forcible felony, in this case, aggravated battery and aggravated discharge of a firearm. *Id.* at 444, 758 N.E.2d at 836. He appealed this conviction, arguing that "the predicate felonies were not independent of the murder itself." *Id.*, 758 N.E.2d at 836. The Illinois Supreme Court agreed, ruling that the charges of aggravated battery and aggravated discharge of a firearm, though forcible felonies under 720 Ill. Comp. Stat. 5/9-1(a)(3), could not, in this case, serve as predicate felonies to support a charge of felony murder because of their interconnection with the murder itself. *Id.* at 447, 758 N.E.2d at 838.

Although the Illinois Supreme Court based its ruling on legislative intent and not simply Due Process principles, the same redundancy exists in the charges in this case. If anything, the interconnection between §1542, §1028(a)(3) and §1028A(a)(1) is even more striking than that between the predicate felonies and murder in *Morgan*. *Morgan*

3

prohibited a charge of felony murder if the cause and effect relationship between the predicate felony and resulting death is so muddled that the predicate felony cannot exist without the resulting death. *Id.* at 447, 758 N.E.2d at 838. In this federal case, the predicate felonies constitute the very same offense as that alleged in the ancillary charge. In Counts Two and Four, which charge Mr. Perez-Rodriguez with violating 1028A(a)(1), the government, in essence, alleges that "[d]uring and in relation to the possession and use of a fraudulent identification document, Mr. Perez-Rodriguez "[p]ossess[ed] or use[d]" fraudulent identification. It is Mr. Perez's contention that this constitutes a fundamentally unfair redundancy, in violation of the Due Process Clause. Furthermore, the Double Jeopardy Clause of the Fifth Amendment prohibits such multiplicitous prosecution, and without other felony counts to support the charges under §1028A(a)(3), Counts Two and Four must be dismissed.

B.  COUNTS TWO AND FOUR SHOULD BE DISMISSED BECAUSE §1028A(a)(1) PROHIBITS THE COURT FROM EXERCISING DISCRETION IN SENTENCING IN VIOLATION OF 18 U.S.C. §3553

Counts Two and Four, as violations of §1028A(a)(1), carry a mandatory two year prison sentence. Under §1028A(b)(2), this term of imprisonment must run consecutively with any other term of imprisonment, save additional violations of §1028A(a)(1). The language of this statute effectively robs the court of any discretion at sentencing. It is the defendant's content that, in writing the statute, Congress appropriated the task of sentencing for itself, and in doing so, overstepped its legislative and constitutional bounds.

To begin with, sentencing traditionally been a judicial function. This makes sense, because judges face each defendant individually, without any direct stake in the outcome of the proceedings. This distinguishes the judicial role from the legislative and judicial involvement in the process. Section 1028A of title 18 states simply that "... shall ... be sentenced to a term of imprisonment of 2 years." It is the defendant's position that a constitutional separation of powers problem is created by taking all discretion away from the judicial branch. It is also the defendant's contention that a sentencing scheme with no individualized considerations whatsoever violates the due process clause.

The defense recognizes that prior motions on similar issues have been generally unsuccessful. *See, e.g., Mistretta v. United States,* 488 U.S. 361, 371-384 (1989); *United States v. Spillman*, 924 F.2d 721, 724 (7th Cir. 1991). However, in the present case, the likely guideline range is below the mandatory minimum created in §1028A, and so the usurpation of power by the executive and legislative branches under §1028A is particularly glaring in this case. Congress passed a law that allows the executive branch an optional method of charging certain kinds of fraud in a way that takes away all discretion from judges. The mandatory sentence imposed by §1028A(a)(1) directly conflicts with §3553, which states that "the court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes" of punishment. Under §1028A(a)(1), not only is the court prohibited from crafting a sentence itself, but it is also forced to impose a sentence that is significantly higher than the U.S. Sentencing Commission guidelines. Hence, Congress has circumvented §3553 in two ways: by

5

taking away the court's discretion in sentencing, and in ordering the imposition of a sentence "greater than necessary to comply with the purposes of punishment. The court is forced to chose between following §3553 and embracing its traditional functions, or following §1028A(a)(1) and rejecting such functions. Because §1028A(a)(1) infringes so much on the court's authority, the court should disregard the statute. Therefore, Counts Two and Four should be dismissed.

**Conclusion**

For all the above stated reasons, the defendant requests that Count Two and Count Four be dismissed.

Respectfully Submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By: _____
Daniel Hesler
Attorney for Rafael Perez-Rodriguez

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603
(312) 621-8347

6

# **CERTIFICATE OF SERVICE**

      The undersigned, Daniel J. Hesler, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

      DEFENDANT RAFAEL PEREZ-RODRIGUEZ'S MOTION
      TO DISMISS COUNTS TWO AND FOUR

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on June 23 , 2008, to counsel/parties that are non-ECF filers:

                      By:    s/Daniel J. Hesler
                               DANIEL J. HESLER
                               FEDERAL DEFENDER PROGRAM
                               55 E. Monroe St., Suite 2800
                               Chicago, Illinois 60603
                               (312) 621-8347