UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 351 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| RAFAEL PEREZ-RODRIGUEZ ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully requests that the defendant's Motion to Dismiss Counts Two and Four be denied. In support thereof, the government states as follows:

**I.    BACKGROUND**

On May 2, 2008, the government charged defendant Rafael Perez-Rodriguez by criminal complaint with knowingly possessing and using another individual's (Victim A) name, date of birth, and Social Security number ("SSN") with the intent to commit and in connection with passport fraud, in violation of 18 U.S.C. § 1028(a)(7). *See* Compl., Dkt. No. 1. On this same date, the Honorable Morton Denlow of the United States District Court issued an arrest warrant for defendant and a search warrant for defendant's home authorizing the seizure of records, documents, correspondence, and other evidence of defendant's violation of § 1028(a)(7).

On May 7, 2008, federal agents arrested defendant at his home and executed the search warrant. Among the items recovered during the search were several documents bearing Victim A's identifiers, including passports, birth certificates, driver's licenses, Social Security cards, marriage licenses, student financial aid documents, and credit card and bank statements. In addition, federal agents recovered identification documents bearing defendant's true name, Rafael Perez-Rodriguez, including a Mexican passport and birth certificate. Defendant's initial appearance and detention

hearing were held before the Honorable Nan R. Nolan, and defendant was ordered detained. *See* Dkt. No. 9.

Two weeks after defendant's arrest, on May 22, 2008, a grand jury returned a four-count indictment against defendant that set forth the following charges: (Count One) knowingly using a passport secured by false statement to enter the United States from Mexico, in violation of 18 U.S.C. § 1542; (Count Two) knowingly possessing and using Victim A's name and date of birth during and in relation to the unlawful use of a passport described in Count One, in violation of 18 U.S.C. § 1028A(a)(1); (Count Three) knowingly possessing with the intent to use unlawfully five identification documents (each bearing Victim A's identifiers) not issued lawfully for defendant's use, in violation of 18 U.S.C. §§ 1028(a)(3) and (b)(2)(B); and (Count Four) knowingly possessing and using Victim A's name, date of birth, and SSN during and in relation to the unlawful possession of identification documents described in Count Three, in violation of 18 U.S.C. § 1028A(a)(1). *See* Indictment, Dkt. No. 16. Upon the government's motion, Judge Denlow dismissed the complaint against defendant in which he was charged with violating § 1028(a)(7). *See* Order, Dkt. No. 15.

Defendant now moves this Court to dismiss Counts Two and Four of the indictment on the bases that (1) these charges violate the Fifth Amendment's Double Jeopardy Clause, and (2) § 1028A's two-year mandatory sentence violates the Due Process Clause and conflicts with 18 U.S.C. § 3553(a). *See generally* Def. Mot. For the reasons set forth below, the government submits that defendant's arguments are without merit, and accordingly, defendant's motion should be denied.

## II. ARGUMENT

### A. Counts Two and Four do not violate the Fifth Amendment's Double Jeopardy Clause, which prohibits multiple punishment for the same offense.

In Counts Two and Four of the indictment, defendant is charged with violating 18 U.S.C. § 1028A(a)(1), also referred to as the "aggravated identity theft" statute. In particular, this provision provides,

> [w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). As relevant to this case, "any felony violation enumerated in subsection (c)," is defined as a felony violation of "(4) any provision contained in this chapter (relating to fraud and false statements), other than this section or section 1028(a)(7)," and "(7) any provision contained in chapter 75 (relating to passports and visas)." 18 U.S.C. §§ 1028A(c)(4) and (c)(7). Count One of the indictment, which charges defendant with passport fraud in violation of 18 U.S.C. § 1542, serves as the predicate offense or felony violation provided for in § 1028A(c)(7). Similarly, Count Three of the indictment, which charges defendant with unlawful possession of five identification documents in violation of 18 U.S.C. §§ 1028(a)(3) and (b)(2)(B), serves as the predicate offense or felony violation found in § 1028A(c)(4).

Defendant argues that Counts Two and Four violate the Fifth Amendment's Double Jeopardy Clause because these charges are indistinct from Counts One and Three, respectively, and constitute "multiplicitous prosecution." *See* Def. Mot. at 2. The Double Jeopardy Clause[1] prohibits

---

[1] This provision states, "nor shall any person be subject to the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

prosecution for the same offense twice (after either an acquittal or a conviction), and, as relevant to this case, "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 801 (1989). As articulated by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." The purpose of this test is to determine "whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment." *Brown v. Ohio*, 432 U.S. 161, 166 (1977). If the two statutes at issue proscribe distinct offenses, the Double Jeopardy clause is not offended. Furthermore, the *Blockburger* test is satisfied "notwithstanding a substantial overlap in the proof offered to establish the crimes." *Id.* (internal quotations and citation omitted).

The elements required to prove the offense of passport fraud in Count One and unlawful possession of five identification documents in Count Three are distinct from the elements that comprise the offense of aggravated identity theft charged in Counts Two and Four. To begin, § 1542 prohibits the willful and knowing use of "any passport the issuance of which was secured in any way by reason of any false statement . . . ." Therefore, the government is required to prove that the passport identified in the indictment was secured by false statement and that defendant used that passport. To establish defendant's violation of § 1028(a)(3), the government must prove that defendant possessed with intent to use unlawfully the five identification documents specified in the indictment and that such documents were not lawfully issued for defendant's use.

By contrast, the aggravated identity theft statute punishes the possession or use of the

identification of another person during and in relation to a felony enumerated in subsection (c), which in this case, are the offenses charged in Counts One and Three. Section 1028A(a)(1) requires proof that defendant used the identity of another person, which is not an element of passport fraud, which requires proof that the passport defendant used was secured by a false statement. Nor is this element of § 1028A found among the elements of unlawful possession of identification documents, which requires proof that defendant possessed with the intent to use unlawfully five identification documents that were not lawfully issued to him. Thus, contrary to defendant's assertion, Counts Two and Four of the indictment do *not* allege that defendant violated the aggravated identity theft statute by his possession or use of "fraudulent identification." Def. Mot. at 4. Rather, the indictment charges defendant with possessing and using "a means of identification of another person" (Victim A), during and in relation to the offenses charged in Counts One and Three. *See* Indictment, Dkt. No. 16. Although the *evidence* the government offers in support of the aggravated identity theft charges and their respective predicate offenses may overlap, the *elements* of each offense are distinct and require a proof of fact that the other does not. *See Brown*, 432 U.S. at 166. Therefore, defendant's contention that Counts Two and Four are multiplicitous of Counts One and Three and violate the Fifth Amendment's Due Process Clause must be rejected. *See, e.g.*, *United States v. Thuo*, No. 07-57-P-H, 2007 WL 2757121, at *1 (D.Me. Sept. 20, 2007) (finding the elements of aggravated identity theft to be distinct from the predicate offense of using an SSN not assigned to defendant and, therefore, not multiplicitous); *United States v. Johnson*, No. 405CR719CEJMLM, 2006 WL 156712, *2 (E.D. Mo. Jan. 20, 2006) (same).

      Alternatively, even if the Court concludes that the predicate offenses charged in the indictment are indistinct from § 1028A, defendant's motion to dismiss still fails because Congress

clearly intended the imposition of cumulative punishment for defendant's alleged conduct. As stated above, the *Blockburger* test is satisfied where the statutory provisions at issue each require a unique element. However, where the offenses are the same, this rule is inapplicable to situations where Congress intended to authorize cumulative punishments and such intent is clear from the face of the statute or its legislative history. *See Albernaz v. United States*, 450 U.S. 333, 340 (1981) ("The Blockburger test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent."); *see also United States v. Hanford*, 39 F.3d 731, 735 (7th Cir. 1994) (noting that the Double Jeopardy Clause limits the judiciary from imposing multiple punishments where Congress did not intend them).

Congress's intention to impose cumulative punishments for defendant's alleged conduct in this case could not be clearer than the language of the statute itself. Section 1028A(a)(1) provides that "*in addition to* the punishment provided for [the felonies charged in Counts One and Three on the indictment]," defendant, if convicted, "*shall . . . be sentenced* to a term of imprisonment of 2 years." (emphases added). The statute goes on to set forth its requirement that courts impose the two-year sentence consecutive to any other term of imprisonment imposed on defendant, including the sentence for the predicate offense during which defendant unlawfully possessed or used the victim's means of identification. *See* 18 U.S.C. § 1028A(b)(2). Congress has plainly expressed its view in the language of § 1028A that multiple punishments are not only appropriate but required for the offenses charged in the indictment.

In sum, the Supreme Court's conclusion in *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1982), best conveys the government's position in this case:

> Where as here, [the] legislature specifically authorizes cumulative punishment under two statues, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

Because Counts Two and Four do not violate the Fifth Amendment's prohibition against double jeopardy, defendant's motion to dismiss must be denied.

**B.      The mandatory two-year sentence required by a conviction for aggravated identity theft in Counts Two and Four do not violate the Due Process Clause or conflict with 18 U.S.C. § 3553(a).**

Defendant next argues that Counts Two and Four should be dismissed because § 1028A's two-year mandatory prison sentence violates the Due Process Clause and conflicts with 18 U.S.C. § 3553(a). Def. Mot. at 4-6. Concerning his Due Process Clause argument, defendant concedes, as he must, that arguments similar to his own have been considered and rejected by the Seventh Circuit and the Supreme Court. *Id.* at 5 (citations omitted). It cannot be disputed that "[l]egislatures, not courts prescribe, the scope of punishments." *Hunter*, 459 U.S. at 368. Accordingly, mandatory-minimum sentences have consistently been upheld as constitutional. *See, e.g., Chapman v. United States*, 500 U.S. 453, 467 (1991) (noting that determinate sentences can be found in statutes dating back to this country's inception); *United States v. Velasco,* 953 F.2d 1467, 1476 (7th Cir. 1992). In addition, "[a] sentencing scheme providing for individualized sentences rests not on constitutional commands, but on public policy enacted into statutes." *Chapman*, 500 U.S. at 467 (internal quotations and citation omitted). Thus, defendant's contention that the court's inability to take into account "individualized considerations" at sentencing is somehow violative of due process is without merit.

Next, defendant erroneously contends that "the likely guideline range is below the mandatory

minimum created in § 1028A," which also conflicts with § 3553(a)'s provisions regarding the imposition of a sentence. Def. Mot. at 5. In making this argument, defendant confuses the guideline range for the predicate offenses in Counts One and Three with that of the aggravated identity theft offense charged in Counts Two and Four. The Sentencing Guidelines reference § 2B1.6 as the applicable Guideline for a § 1028A offense. *See* Guidelines Manual, App. A. Guideline § 2B1.6(a) specifically states, "[i]f the defendant was convicted of violating 18 U.S.C. § 1028A, the guideline sentence is the term of imprisonment required by statute." Therefore, there is no chance, as suggested by defendant, that the mandatory minimum sentence would be higher than a potential guidelines sentence. Finally, § 1028A's mandatory minimum sentence does not conflict with § 3553(a). As explained by Judge Posner, § 3553 is a "very general statute [that] cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress. . . . For in making the sentencing guidelines advisory, the Court did not authorize courts to sentence below the minimums prescribed not by the guidelines but by constitutional federal statutes." *United States v. Roberson*, 474 F.3d 432, 436-37 (2007). As such, the sentencing scheme mandated by § 1028A does not warrant dismissal of Counts Two and Four.

**III.  CONCLUSION**

    For the reasons set forth above, the government requests that defendant's motion to dismiss be denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/ Renai S. Rodney
RENAI S. RODNEY
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois  60604
(312) 353-4064

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that the following document:

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

was served July 2, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case filing pursuant to the District Court's Electronic Case Filing (ECF) system as to ECF filers.

                                                By:  s/ Renai S. Rodney
                                                        RENAI S. RODNEY
                                                        Assistant United States Attorney
                                                        219 S. Dearborn St.- 5th Floor
                                                        Chicago, IL 60604
                                                        312-353-4064

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  08 CR 351 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| RAFAEL PEREZ-RODRIGUEZ | ) | |

NOTICE OF FILING

PLEASE TAKE NOTICE that on July 2, 2008, the undersigned caused to be filed with the Clerk of this Court, UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS, service of the notice is being made upon you.

PATRICK J. FITZGERALD
United States Attorney

By: s/ Renai S. Rodney
Renai S. Rodney
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4064

CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

was served July 2, 2008, in accordance with Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case filing pursuant to the District Court's Electronic Case Filing (ECF) system as to ECF filers.

By: s/ Renai S. Rodney
RENAI S. RODNEY
Assistant United States Attorney
219 S. Dearborn St.- 5th Floor
Chicago, IL 60604
312-353-4064