IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  08 CR 351 |
| v. | ) | |
| | ) | Judge Robert M. Dow Jr. |
| RAFAEL PEREZ-RODRIGUEZ | ) | |
| | ) | |

**NOTICE OF FILING**

To:   Ms. Renai Rodney
      Assistant United States Attorney
      219 S. Dearborn Street
      Chicago, IL  60604

      Please take notice that on this 15th day of July, 2008, the undersigned filed the following document(s) in the above captioned cause, a copy of which is attached hereto:

−   **DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

                                                Respectfully submitted,

                                                FEDERAL DEFENDER PROGRAM
                                                Terence F. MacCarthy
                                                Executive Director

                                                By:  s/Daniel J. Hesler
                                                       Daniel J. Hesler


DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe, Suite 2800
Chicago, IL 60603
(312) 621-8347

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                                 )<br>     v.                      )<br>                                 )<br>RAFAEL PEREZ-RODRIGUEZ    )<br>                                 ) | No.  08 CR 351<br><br>Judge Robert M. Dow Jr. |

## DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The defendant, Rafael Perez-Rodriguez, by the Federal Defender Program and its attorney, DANIEL HESLER, replies to the United States' Response as follows:

**I.  Double Jeopardy/Due Process**

The government relies on *Blockburger v. Ohio* for its double jeopardy test.  284 U.S. 299, 304 (1932).  *Blockburger* states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applies to determine whether there are two offenses or only one, is whether each provision requires proof of a fact that the other does not."  *Blockburger v. Ohio*, 284 U.S. 299, 304 (1932). The government contends that while "the *evidence* it offers in support of the aggravated identity theft charges and their respective predicate offenses may overlap, the *elements* of each offense are distinct and require a proof of fact that the other does not." Govt. Mot. at 5 (emphasis in original).  Mr. Perez respectfully disagrees.  In this case, the elements of counts Two and Four are not distinct from the elements of Counts One and Three.

Section 1542 requires proof that the passport Mr. Perez used was secured by a

false statement. Section 1028A(a)(1) requires proof that the defendant used the identification of another. The indictment in this case alleges that, in order to obtain a passport, Mr. Perez made a false statement by using "a false name, date of birth, and Social Security number" of another. Mr. Perez submits that using the name, date of birth, and Social Security number of another is the same thing as using the identification of another, as required by §1028A(a)(1). Hence, the "false statement," required by §1542, and the use of the identification of another, required by §1028A, are one in the same. Not only, then, is the government's evidence used to support both Count One and Two the same, but the elements of both counts are the same as well.

The same is true for Counts Three and Four. Section 1028(a)(3) requires proof that a defendant possess with the intent to unlawfully use five identification documents not lawfully issued to him. Again, §1028A(a)(1) requires proof that a defendant used the identification of another. Here, the five identification documents allegedly possessed by Mr. Perez were not lawfully issued to him because they were the identification documents of another. Using the identification documents of another, then, comprises elements of both §1028(a)(3) and §1028A(a)(1).

Because Counts One and Three do not require "proof of a fact" that Counts Two and Four do not, the *Blockburger* test is not satisfied. Hence, unless Counts Two and Four are dismissed, Mr. Perez will be under the threat of double jeopardy, violating his due process rights under the Constitution.

II.     **An *Albernaz* exception?**

The Government alternatively contends that even if the predicate offenses charged in the indictment are indistinct from Section 1028A(a)(1), Counts Two and Four should not be dismissed because "Congress clearly intended the imposition of cumulative punishment for the defendant's alleged conduct." Govt's Response at 5-6. The government cites *Missouri v. Hunter,* 459 U.S. 359 (1983), and *Albernaz v. United States*, 450 U.S. 333, 344 (1981), as its authorities for this argument. Govt's Response at 6-7. Mr. Perez concedes that *Hunter* does state that double jeopardy is no matter when there is clear legislative intent for cumulative punishment. However, as Justice Marshall states in his dissent, *Hunter* relies on *Albernaz v. United States* in reaching this conclusion. *Albernaz* states: "The *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." *Albernaz v. United States*, 450 U.S. 333, 344 (1981). But, as Justice Marshall clarifies, this passage is "clearly dicta" since the *Albernaz* court had already concluded that the charges at issue were not the same under the *Blockburger* test. *Missouri v. Hunter*, 459 U.S. 359, 371 (1983) (see footnote 3). The government is therefore incorrect in its use of *Albernaz*, as *Albernaz* does not hold that the *Blockburger* test should be disregarded because of contrary legislative intent.

The *Hunter* court also relies on *Whalen v. United States,* 445 U.S. 684, 692 (1980), in its argument for cumulative punishment. *Whalen* holds that "where two

statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments in the absence of a clear indication of legislative intent. 445 U.S. at 692. As Justice Marshall points out, the *Whalen* court "had no occasion to decide, and it did not decide, whether multiple punishment for two such crimes *can* be imposed if clearly authorized by the legislature." *Hunter*, 459 U.S. at 371 (see footnote 3). The support, therefore, that the *Hunter* court and consequentially the government use is quite weak.

### III.  Due Process issues

The Government next argues that the two-year mandatory minimum sentence carried by §1028A in Counts Two and Four do not violate the due process clause. Govt's Mot. at 7. Though it is true that mandatory minimum sentences have been upheld as constitutional, in light of *United States v. Booker,* "reliance on precedents established...during the guideline era...without fresh reasoning to account for the vastly changed circumstances produced by *Booker*, are no longer defensible. *U.S. v. Grant*, 524 F. Supp 2d 1204, 1216-17 (9th Cir. 2007) (imposing sentence below mandatory minimum).

According to *Grant*, when looking into the constitutionality of a mandatory minimum sentence, the Court should investigate "whether the term of imprisonment represents some form of 'justice' as guaranteed by the Due Process clause." 524 F. Supp 2d at 1217. Though *Booker* did not deal explicitly with mandatory minimum sentences, it did "effectively [end] the era in which sentences were determined as a matter of law." *Id.*

at 1215. In Mr. Perez' case, the mandatory minimum sentence is higher than the guidelines would be if they simply addressed the actual conduct with which government has charged Mr. Perez. The offense level for passport fraud, as charged in Count 1 is 12.[1] The offense level for Fraud in Connection with Identification Documents, as charged in Count 3 is also 12.[2] Were these offenses to be grouped as closely related counts, the total offense level would be 12.[3] Even if these offenses were not to be grouped, the total offense level would be 14.[4] Combined with a criminal history category of I and assuming an acceptance of responsibility reduction, the guidelines suggest a sentence of either 6 -12 months or 10 - 16 months.[5] Thus the guidelines, which were meticulously crafted to take into account the severity of each offense and the goals of criminal punishment, suggest a sentence less severe than the one-size-fits-all sentence of 24 months prescribed by §1028A. The sentence advised by the U.S. Sentencing Commission, which calculates sentences based on "10,000 pre-sentence investigations, crimes as distinguished in substantive criminal statutes, the United States Parole Commission's guidelines and resulting statistics, and data from other relevant sources,"[6] is more apt to represent "some

---

[1] See U.S.S.G. § 2L2.2(a) and (b)(3)

[2] See U.S.S.G. § 2B1.1(a)(2) and (b)(10).

[3] See U.S.S.G. § 3D1.2(b).

[4] See U.S.S.G. § 3D1.4(a).

[5] The offense levels and criminal history levels are based on a best estimation. The total offense level does not take into account any acceptance of responsibility points that may be taken into account at a later time.

[6] See U.S.S.G. § 1A1.1, Note 3: The Basic Approach, pg. 3.

form of justice" than an arbitrary mandatory minimum sentence set by the legislature.

The Government next argues that §1028A's mandatory minimum sentence does not conflict with §3553(a). Govt's Mot. at 8. The *Grant* court, however, found that §841(b), a statute which, like §1028A, sets forth a mandatory minimum sentence, conflicted with its duties under §3553(a). *Grant*, 524 F. Supp. 2d at 1219. In this case, as the sentencing guidelines illustrate, the mandatory minimum sentence as prescribed by §1028A is indeed greater than necessary to comply with the purposes of punishment. Section 1028A therefore conflicts with §3553(a).

Mr. Perez admits that there are many cases where §3553(a) has been disregarded in favor of imposing a mandatory minimum sentence. However, Mr. Perez also admits there are cases where the mandatory minimum sentence is appropriate under §3553(a). In this case however, it is not appropriate. Because §1028A's mandatory minimum sentence is unduly harsh and forces this Court to abandon its traditional role of providing individualized justice, Counts Two and Four should be dismissed.

## IV. Conclusion

For all the above stated reasons, Mr. Perez Rodriguez respectfully requests that Counts Two and Four be dismissed.

          Respectfully submitted

          FEDERAL DEFENDER PROGRAM
          Terence F. MacCarthy
          Executive Director


          By: s/Daniel J. Hesler
              Daniel J. Hesler
              Attorney for Rafael Perez


DANIEL HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603
(312) 621-8347

## CERTIFICATE OF SERVICE

      The undersigned, Daniel J. Hesler , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT'S REPLY TO UNITED STATES' RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on July 15 , 2008, to counsel/parties that are non-ECF filers:

                        By:    s/Daniel J. Hesler
                                 DANIEL J. HESLER
                                 FEDERAL DEFENDER PROGRAM
                                 55 E. Monroe St., Suite 2800
                                 Chicago, Illinois 60603
                                 (312) 621-8347