**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 351 |
| | ) | |
| RAFAEL PEREZ-RODRIGUEZ | ) | |

**MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS
COUNTS TWO AND FOUR OF INDICTMENT**

**I.    Introduction**

On May 22, 2008, the Grand Jury returned a four-count indictment against Defendant Rafael Perez-Rodriguez, charging him with (i) use of a passport secured by reason of a false statement in violation of 18 U.S.C. § 1542 (Count One); (ii) unlawful possession of the identification of another during the unlawful use of a passport in violation of 18 U.S.C. § 1028A(a)(1) (Count Two); (iii) possession with the intent to use five identification documents not issued lawfully to Defendant in violation of 18 U.S.C. §§ 1028(a)(3) and (b)(2)(B) (Count Three); and (iv) unlawful possession of the identification of another during the unlawful possession of the five identification documents described in Count III, in violation of 18 U.S.C. § 1028A(a)(1) (Count Four). Before the Court is Defendant's motion to dismiss Counts Two and Four of the indictment [23]. For the reasons stated below, the Court respectfully denies Defendant's motion.

**II.    Discussion**

   **A.    Double Jeopardy Argument**

In common parlance, Count One of the indictment charges Defendant with passport fraud, Count Three charges him with unlawful possession of identification documents of another,

and Counts Two and Four charge that Defendant committed aggravated identity theft.  Under the aggravated identity theft statute, "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."  18 U.S.C. § 1028A(a)(1).  Defendant does not dispute that the felonies charged in Counts One and Three fall within the enumerated offenses listed in that provision.  However, Defendant contends that Counts One and Three cannot serve as predicate felonies for Counts Two and Four without violating the Double Jeopardy Clause of the Fifth Amendment.  In particular, Defendant argues that the acts charged in Counts One and Three "are so inherently intertwined with" the acts charged in Counts Two and Four that Counts II and IV cannot "constitute distinct offenses" and could lead to the imposition of "multiple punishments for a single offense."  As explained below, Defendant's double jeopardy argument must be rejected.

      Under well settled Supreme Court precedent, it is not a violation of double jeopardy if one statute "requires proof of a fact that the other does not * * * or if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions."  *United States v. Johnson*, 2006 WL 156712, at *2 (E.D. Mo. Jan. 20, 2006) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932) and *Garrett v. United States*, 471 U.S. 773, 778 (1985)).  Although it appears that the *Blockburger* test is satisfied at least with respect to Counts I and III – because Count I requires proof that the passport was secured by a false statement and Count III does not – the Court need not resolve any part of the motion on that prong of the analysis, for Congress' intent to impose cumulative punishments for the conduct alleged in this case is clearly evident from the language and structure of the statute.

See, *e.g.*, *United States v. Thuo*, 2007 WL 2757121, at *1 n.1 (D. Me. Sept. 20, 2007) ("the structure and language of Section 1028A plainly reveal Congress's intent to allow cumulative punishments for aggravated identify theft and the underlying predicate felony"); *Johnson*, 2006 WL 156712, at *3 (finding that Section 1028A "clearly shows Congress' intent to impose cumulative punishment because the statute mandates a consecutive two year term of imprisonment").

Section 1028A(a)(1) states that "*in addition to* the punishment" provided for the predicate felony, a defendant, if convicted, "*shall * * * be sentenced* to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1) (emphasis added). That Section then adds that the courts must impose the mandatory two-year sentence consecutive to any other term of imprisonment imposed, including the sentence for the predicate offense. 18 U.S.C. § 1028A(b)(2). Those provisions, taken together, demonstrate Congress's manifest intent that multiple punishments not only are appropriate, but actually are required for the offenses charged in the indictment.

Notably, the Seventh Circuit expressly has foreclosed any argument by criminal defendants that "permitting Congress to enact legislation designed to impose multiple punishments for conduct that constitutes the same offense under *Blockburger* is tantamount to permitting Congress to circumvent a constitutional limitation on its power at their expense," holding that any such argument "reflects a basic misunderstanding of double jeopardy." *United States v. Handford*, 39 F.3d 731, 735 (7th Cir. 1994). As the court of appeals noted, "[i]n the multiple punishment context, the Double Jeopardy Clause prohibits the judicial branch from imposing multiple punishments in situations in which the legislature did not intend them. It does not limit, however, the legislature in this respect, provided the legislature has adequately expressed its desire for cumulative punishments." *Id.*; see also *Missouri v. Hunter*, 459 U.S. 359,

3

368-69 (1982) (explaining that where Congress "specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial").[1] The Seventh Circuit further explained that the "limited impact of the Double Jeopardy Clause on the legislature" follows from the "principle that the power to define criminal offenses and proscribe punishments upon those found guilty of them belongs solely to the legislature. As a result, it is completely within the legislature's purview to determine that the appropriate punishment for certain conduct is additional prison time, even if it has already established that a prison sentence be increased for a separate offense that includes such conduct." *Handford*, 39 F.3d at 735. In short, "the Double Jeopardy Clause has nothing to do with a legislative determination that lengthy prison time, even imposed pursuant to two separate statutes, is the proper punishment." *Id*.

### B. Mandatory Minimum Arguments

Defendant also argues that Courts Two and Four should be dismissed because the two-year mandatory minimum sentence under Section 1028A violates the Due Process Clause and conflicts with 18 U.S.C. § 3553. Both arguments are contrary to Seventh Circuit precedent, and thus must be rejected.

### 1. Due Process

In both his opening and reply briefs, Defendant concedes that mandatory minimum sentences have been upheld as constitutional in many cases. See, *e.g.*, *United States v. Velasco*, 953 F.2d 1467, 1476 (7th Cir. 1992) (rejecting claim that mandatory minimum sentencing

---

[1] Of course, "[t]he judiciary has no authority to second-guess the government's choice of which crimes to charge." *United States v. Roberson*, 474 F.3d 432, 434 (7th Cir. 2007).

4

provisions violate due process and stating flatly that "[m]andatory minimum sentences are not unconstitutional"). Yet, relying on a decision of a district court in the Ninth Circuit, *United States v. Grant*, 524 F. Supp. 2d 1204 (C.D. Cal. 2007), Defendant urges the Court to consider whether, in light of the "vastly changed circumstances produced by" the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, a mandatory minimum sentence is "no longer defensible." Def. Reply at 5. But Defendant cites to no authority from the Seventh Circuit, and our circuit has held that *Booker* "has nothing to do with minimum sentences" (*United States v. Cannon*, 429 F.3d 1158, 1160 (7th Cir. 2005), and "confers no authority on judges to disregard statutes." *United States v. Roberson*, 474 F.3d 432, 434 (7th Cir. 2007). Accordingly, this Court declines Defendant's request to reconsider the constitutionality of mandatory minimum sentences in light of *Booker*. See *Brown v. United States*, 2008 WL 2483150, at *5-*6 (E.D. Mo. June 17, 2008) (declining to follow *Grant* in light of Eighth Circuit precedent of *United States v. Mendoza*, 876 F.2d 639, 641 (8th Cir. 1989), in which the court rejected claim that statutory minimum sentence violated due process).

### 2.    Conflict with 18 U.S.C. § 3553(a)

The Seventh Circuit's decision in *Roberson* also requires this Court to reject Defendant's final argument – namely, that the mandatory minimum sentence required under Section 1028A conflicts with 18 U.S.C. § 3553(a) of the Sentencing Reform Act. As the Seventh Circuit explained in *Roberson*, while *Booker* "made the sentencing guidelines advisory," it "did not authorize district judges to ignore statutory sentencing ranges." 474 F.3d at 434. To be sure, the Seventh Circuit has "acknowledge[d] the tension" between Section 3553(a) of the Sentencing Reform Act, which requires consideration of a range of factors in sentencing, and statutes that specify mandatory minimum sentences that apply regardless of any other factors bearing on the

5

appropriateness of a sentence. *Id*. at 436. But the court of appeals specifically has held that Section 3553(a) "cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress." *Id*. For, as the court concluded, "in making the sentencing guidelines advisory, the Court did not authorize courts to sentence below the minimums prescribed not by the guidelines but by constitutional federal statutes." *Id*.

### III. Conclusion

In view of the controlling Supreme Court and Seventh Circuit authority cited above, the Court respectfully denies Defendant's motion to dismiss Counts Two and Four of the indictment [23] in this case.

Dated: August 26, 2008    _____
                                              Robert M. Dow, Jr.
                                              United States District Judge