**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 08 CR 351 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| RAFAEL PEREZ-RODRIGUEZ. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's post-trial motion for judgment of acquittal and/or for a new trial [87] and the United States' response in opposition [88]. For the reasons stated below, Defendant's motion is respectfully denied.

**I.     Background**

On January 22, 2009, after a three-day trial, the jury in this case returned a guilty verdict against Defendant Rafael Perez-Rodriguez on all five counts of the superseding indictment: (i) wire fraud, (ii) passport fraud, (iii) aggravated identity theft during and in relation to Defendant's passport fraud, (iv) possession with intent to use unlawfully five identification documents, and (v) aggravated identity theft during and in relation to Defendant's possession of those five identification documents. Defendant now moves for a judgment of acquittal or, in the alternative a new trial. Defendant contends that a judgment of acquittal should be granted because the Government's evidence was insufficient to support the jury's verdict. Alternatively, Defendant seeks a new trial on the basis of several asserted trial errors.

**II.     Analysis**

**A.     Motion for Judgment of Acquittal**

In his motion for judgment of acquittal, Defendant contends that the evidence presented by the United States at trial was insufficient to establish that he committed any or all of the

offenses for which he was convicted. In particular, Defendant asserts that "[w]hat was absent from the evidence presented by the Government * * * is any direct evidence in the form of eyewitness testimony of Defendant's actual use" of any of the identity documents discussed during the trial. The United States responds that the evidence adduced at trial was more than adequate to sustain the verdict on every element of every count.

Under Federal Rule of Criminal Procedure 29, "[t]he Court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A Rule 29 motion should be granted only when "after viewing the evidence in the light most favorable to the United States, the trial court finds that no rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); see also *United States v. Hagan*, 913 F.2d 1278, 1281 (7th Cir. 1990).

The Seventh Circuit has stressed that a defendant seeking a judgment of acquittal on sufficiency of the evidence grounds "bears a heavy burden and faces a nearly insurmountable hurdle." *United States v. Seawood*, 172 F.3d 986, 988 (7th Cir. 1999). Here, Defendant's argument fails for several reasons. To begin with, Defendant's suggestion that "direct" evidence or "eyewitness testimony" was required to prove the Government's case is incorrect. To the contrary, as one of the cases cited in Defendant's brief states, "a conviction may be based solely on reasonable inferences from circumstantial evidence." *United States v. Pinckney*, 85 F.3d 4, 7 (2d Cir. 1996). In fact, the Seventh Circuit pattern jury instruction given at trial without objection properly told the jurors that they were at liberty to consider both direct and circumstantial evidence and to weigh both kinds of evidence in equally.[1]

---

[1] Although Defendant's argument rests on the incorrect premise that eyewitness testimony is required to secure a conviction, in fact the Government did present eyewitness testimony of Margarita Santamaria, who testified about her travel with Defendant from Mexico to the United States, at which time Defendant used a passport with his own picture issued in the name of Arthur Guajardo. A reasonable jury could

Viewed in the light most favorable to the United States, there was ample evidence introduced at trial from which a rational juror could have found Defendant guilty beyond a reasonable doubt on each and every charge. To highlight some of that evidence, the Government introduced (i) dozens of items seized during a search of Defendant's home that bore the victim's identifiers and Defendant's name (and, in some instances, his photo); (ii) Defendant's own statements; (iii) the testimony of the victims; (iv) Defendant's financial aid applications submitted to Moraine Valley Community College ("MVCC"); (v) Defendant's employment file from Vans, Inc.; (vi) stipulations setting forth the interstate wire transfers of Defendant's federal student aid funds from the US Department of Education to MVCC; and (vii) the testimony of law enforcement and other government agents, Defendant's brother, and Defendant's former girlfriend. That evidence – and more – was more than sufficient to prove beyond a reasonable doubt all of the charged crimes. And, significantly, Defendant does not point to any specific element of any count of the superseding indictment as to which he believes the evidence was insufficient.

As Defendant candidly recognizes, "[j]udges do not set aside jury verdicts very often, and when they do, they must have a good reason for doing so." *United States v. Murphy*, 406 F.3d 857, 861 (7th Cir. 2005). This case neither presents the rare scenario in which a conviction rests "on mere speculation or conjecture" (*Pinckney*, 85 F.3d at 7) or the almost equally rare circumstance in which verdict rests on the evidence that is "equally consistent with a theory of innocence as a theory of guilt" and thus cannot "establish guilt beyond a reasonable doubt." *United States v. Harris*, 942 F.2d 1125, 1129-30 (7th Cir. 1991). Rather, viewing the evidence in the light most favorable to the Government, there was ample evidence to support the

have credited that testimony in finding Defendant guilty of possession and use of the passport as charged in Counts Four and Five of the superseding indictment.

conviction on each and every court.  Defendant's motion for judgment of acquittal therefore is denied.

**B.  Motion for a New Trial**

Defendant also contends that four purported trial errors, individually and collectively, justify a new trial.  Pursuant to Federal Rule of Criminal Procedure 33, the Court may grant a motion for a new trial "if the interests of justice so require."  A motion under Rule 33 may be granted where the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989).  Not surprisingly, the Seventh Circuit has observed that "the exercise of power conferred by Rule 33 is reserved only for the most 'extreme cases.'"  *United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998).

1.  Defendant first argues that the Court erred in its pre-trial ruling permitting the Government to introduce at trial evidence regarding Defendant's statements made in 1990 and 1992 Social Security applications, a 1994 passport application, and a 1994 letter to the Child Support Division of the Lake County, Indiana prosecutor's office.  The Court addressed Defendant's arguments against the use of those statements in a comprehensive pre-trial memorandum opinion and order [71] and concluded that the statements were admissible as inextricably related to the charged offenses in this case.  See *United States v. Harris*, 536 F.3d 798, 807 (7th Cir. 2008); *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006); *United States v. Lane*, 323 F.3d 568, 579 (7th Cir. 2003); *United States v. Senffner*, 280 F.3d 755, 764 (7th Cir. 2002).  Defendant presents no new argument in his post-trial motion, and the Court adheres to its prior ruling.

2.     Defendant next contends that the Court erred in sustaining the Government's objection to Defendant's proposed cross-examination of Special Agent Krista Sieber of the Social Security Administration regarding the Cook County State's Attorney's refusal to approve charges against Defendant in connection with a prior accusation of identity theft by the victim in this case, Arthur Guajardo.  During the trial, the Court heard argument on the issue outside of the presence of the jury.  In support of the proposed cross-examination, Defendant stated that in 2004, the victim in this case, Mr. Guajardo, and his attorney met with Michael Cornell, a detective from the Blue Island Police Department, to complain about alleged identity theft.  Blue Island Police then met with Defendant.  According to Defendant, two separate divisions of the State's Attorney's office refused to approve felony charges against Defendant on the basis of the 2004 investigation.  Defendant proposed to cross-examine Special Agent Sieber in attempt to elicit testimony concerning the 2004 events and, in particular, the decision not to approve charges against Defendant.

Special Agent Sieber had been involved in the investigation of the allegations against Defendant since November 2007.  In connection with that investigation, she was present for an interview of the Detective Cornell at which time Detective Cornell provided information on the 2004 investigation.  The Government objected to the proposed cross-examination on three grounds:  hearsay, relevance, and prejudice.  As the Government observed, Agent Sieber had no direct knowledge of the 2004 investigation.  Defendant proposed to ask Agent Sieber what Detective Cornell said that the State's Attorney said to him.

As the trial transcript reflects, the Court ruled that the proposed testimony was sought for the truth of the matter asserted – that there was no prosecution in 2004 – and that as such it was inadmissible as hearsay and not within a recognized exception.  The Court further ruled that

given that Agent Sieber's involvement in the case did not begin until 2007 and the testimony sought by Defendant related to events that transpired in 2004, any probative value of Agent Sieber's testimony would be limited and would be substantially outweighed by the prejudice to the Government of injecting the 2004 investigation into the case through a witness who was not personally involved in that investigation. The Court added that Defendant was free to call Detective Cornell as a witness if Defendant wished to elicit testimony as to what he did or said in connection with the 2004 investigation.

Upon reflection, the Court adheres to its prior ruling, concluding that the proposed cross-examination was properly refused on hearsay grounds and under Rule 403. Moreover, in view of the limited probative value of a 2004 investigation by a local police department and a different prosecutor's office and the strength of the evidence presented by the Government, any error in excluding the proposed cross-examination could not have resulted in a miscarriage of justice that might warrant a new trial.

3.      Defendant also argues that the Court erred in sustaining the Government's objection to Defendant's proposed Jury Instruction Number One, which offered a statement from a Senate Report that listed some of the typical crimes that are committed under the broad umbrella of identity theft. As the transcript of the jury instruction conference reflects, the Court rejected the proposed instruction on several grounds. To begin with, the instruction is not a statement of the law, but rather a statement of legislative history that was meant to be illustrative, not comprehensive. As the Court noted at the instruction conference, there is at least as much in the legislative history that favors the Government's view of the case. Moreover, the proposed instruction was internally inconsistent and thus may have been confusing to the jury, whereas the agreed instructions that were provided to the jury were self-contained and more than sufficient

statements of the relevant law to fairly and accurately instruct the jury on the applicable law in view of the charges against the Defendant and the evidence at trial. See *United States v. Perez*, 43 F.3d 1131, 1137 (7th Cir. 1994) ("The court's instructions to the jury must be correct statements of the law that are supported by the evidence").

4.      Finally, Defendant contends that he was prejudiced by the inadvertent inclusion of a demonstrative exhibit that was not admitted into evidence (Government Exhibit 12) among the materials that were provided to the jury during its deliberations. That exhibit was a digitally enhanced photographic close-up of a passport stamp that was contained in Government Exhibit 2(c), which was admitted into evidence. In other words, the demonstrative was simply a close-up of an exhibit that was in evidence. Given that fact, as well as the other substantial evidence of fraudulent use of passport on the date in question, including witness testimony, the possibility that the jury may have viewed the demonstrative during its deliberation posed no risk of prejudice to Defendant.

* * * * *

In sum, the Court is not persuaded that any of the rulings that form the basis of Defendant's Rule 33 motion for a new trial were erroneous. In addition, the Court concludes that the inadvertent inclusion of a demonstrative exhibit in the materials provided to the jurors during their deliberations did not give rise to any risk of prejudice to Defendant, much less the kind of substantial prejudice that might support the grant of a new trial. Indeed, to the extent that any of the rulings to which Defendant has pointed in his post-trial motion may have been erroneous, any such error (or errors) would not be grounds for a new trial given the strength of the evidence presented by the Government at trial on each count of the superseding indictment. For all of these reasons, Defendant's post-trial motion for a new trial is respectfully denied.

### III.     Conclusion

For the foregoing reasons, Defendant's post-trial motion for judgment of acquittal and/or for a new trial [87] is respectfully denied.

Dated:  March 18, 2009

_____
Robert M. Dow, Jr.
United States District Judge